UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME E. WATSON, JR., ) </br> ) </br> Plaintiff, ) </br> ) No. 22-cv-822 </br> v. ) </br> ) Judge Marvin E. Aspen </br> ILLINOIS SEX OFFENDER ) </br> MANAGEMENT BOARD et al., ) </br> ) </br> Defendants. ) | |

## ORDER

In February 2022, the Executive Committee allowed Plaintiff, a restricted filer, to file documents in a new case that was assigned to us. (Dkt. No. 1.) The Executive Committee also recruited Attorney Kenneth Flaxman to represent Plaintiff. (*Id.*) Flaxman thereafter requested that we stay the case for six months while he attempted to resurrect a state court action in which Plaintiff advanced the same claim that he advances in this case. (Dkt. No. 12.) We granted that request and stayed the case until October 27, 2022. (Dkt. No. 13.) In the meantime, Flaxman successfully resurrected the state court action, and we extended the stay in view of the state court proceedings. (Dkt. Nos. 15, 16.) We ordered Plaintiff to file a report by February 28, 2023, regarding the status of the state court action and whether he planned to proceed with the case before us. (Dkt. No. 16.)

On February 17, 2023, we received several documents filed by Plaintiff *pro se*, including two complaints, an application to proceed *in forma pauperis*, and a motion for attorney representation. (*See* Dkt. Nos. 18–25.) Later, on February 28, Flaxman moved to withdraw from his assignment under Local Rule 83.38(a) based on a substantial disagreement on litigation

strategy between himself and Plaintiff. (Dkt. No. 26.) According to Flaxman, Plaintiff discharged him from representation in the state court action and then, through his several *pro se* filings, manifested his intent to discharge him in this proceeding. (*Id.* ¶¶ 5–7.)

Flaxman's motion to withdraw (Dkt. No. 26) is granted. Plaintiff's motion for attorney representation (Dkt. No. 23) is denied. Plaintiff has made no attempt (let alone a reasonable one) to obtain counsel, as he is required to do. *See Dorsey v. Varga*, 55 F.4th 1094, 1105 (7th Cir. 2022). Rather, he already had counsel, but discharged him. Furthermore, Plaintiff is ordered to show cause as to why we should not continue to stay this litigation so long as the state court action is moving forward. Plaintiff shall do so within 14 days of this Order. The status hearing scheduled for March 23, 2023, is reset to April 20, 2023, at 10:30 a.m.

It is so ordered.

Dated: March 3, 2023

Marvin E. Aspen
United States District Judge